1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DENISE J.,

                    Plaintiff,

          v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

Case No. C23-5893 RSM

**ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING
FOR FURTHER PROCEEDINGS**

          Plaintiff seeks review of the denial of her applications for Supplemental Security Income

(SSI) and Disability Insurance Benefits (DIB).  Plaintiff contends the ALJ erred by rejecting

medical opinion evidence, rejecting her symptom testimony, and presenting a flawed

hypothetical to the vocational expert.  Dkt. 20.  As discussed below, the Court **REVERSES** the

Commissioner's final decision and **REMANDS** the matter for further administrative proceedings

under sentence four of 42 U.S.C. § 405(g).

                              **BACKGROUND**

          Plaintiff is 41 years old, has a limited education, and has worked as a cashier, customer

service representative, and housekeeper.  Admin. Record (AR) 45–46.  In November 2019,

Plaintiff applied for benefits, alleging disability as of January 27, 2018.  AR 93–94, 113–14, 134,

144.  Plaintiff's applications were denied initially and on reconsideration.  AR 111, 131, 142,

1   152.  After the ALJ conducted a hearing on January 10, 2022 (AR 57–90), the ALJ issued a

2   decision finding Plaintiff not disabled.  AR 26–56.

### DISCUSSION

4           The Court may reverse the ALJ's decision only if it is legally erroneous or not supported

5   by substantial evidence of record.  *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).  The Court

6   must examine the record but cannot reweigh the evidence or substitute its judgment for the

7   ALJ's.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When evidence is susceptible to

8   more than one interpretation, the Court must uphold the ALJ's interpretation if rational.  *Ford*,

9   950 F.3d at 1154.  Also, the Court "may not reverse an ALJ's decision on account of an error

10  that is harmless."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

11      **1.      Plaintiff's Symptom Testimony**

12          Plaintiff testified she is unable to work because of back pain, which prevents her from

13  sitting or standing for long periods of time or walking long distances.  AR 70.  Plaintiff stated

14  she has been using a cane for a year and a half for walking, and that with the device, she can

15  walk for less than an hour a day.  AR 78.  Plaintiff testified she has numbness in her hands and

16  feet, and her hands lock up due to carpal tunnel syndrome.  AR 73, 80.  Plaintiff testified she has

17  migraines twice a week and asthma attacks three times a week.  AR 70, 76.  As for her mental

18  health, Plaintiff testified to having depression, post-traumatic stress disorder (PTSD) flashbacks

19  twice a week, and anxiety when around more than four people.  AR 70, 82.

20          When assessing a claimant's testimony, the ALJ first determines whether the claimant

21  has presented objective medical evidence establishing underlying impairments that could cause

22  the symptoms alleged, and if there is no affirmative evidence of malingering, the ALJ can only

23  discount the claimant's testimony as to symptom severity by providing "specific, clear, and

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 2

convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

### a.    Objective Medical Evidence

The ALJ first found Plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms "not entirely consistent" with the evidence because her medical records[1] rarely included "signs of pain behavior." AR 37. The ALJ also explained that while Plaintiff sometimes had difficulty walking, she also had normal gait, rarely used an assistive device, and had normal strength. *Id*. "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt*, 53 F.4th at 498. The ALJ's assessment is only partially supported by the record. Based on the abundance of records noting Plaintiff's normal breathing, lack of respiratory distress, and normal neurological findings, as well as limited treatment notes focusing on Plaintiff's carpal tunnel syndrome, the ALJ could reasonably find Plaintiff's statements about the severity of her asthma, hand pain, and headaches inconsistent with the record. *See* AR 467–68, 477, 501, 545, 569, 614, 633, 638, 925–26, 1019, 1025, 1030, 1087, 1098, 1327, 1405, 1481, 1490, 1493, 1708, 1715, 1847–48, 1932, 2321, 2334, 2349, 2440, 2476, 2484, 2487, 2490, 2492, 2494. But the record is not necessarily inconsistent with Plaintiff's testimony regarding her mobility, considering the multiple observations of her antalgic or painful gait, limited ambulation, difficult or poor tolerance with walking, prolonged sitting, changing

---

[1] The Court notes Plaintiff's medical records contain duplicate copies of the same records. *See* AR 2018–2267 (duplicating records from AR 830–50, 940–1007, 1241–1311, 1607–97). The Court will only cite to the first copy of the record in the administrative record.

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 3

1    positions, even with full strength in her lower extremities.  *See* AR 573, 580, 803, 837, 890,

2    1418, 2268–69, 2444, 2448, 2576, 2665–66.  The ALJ's cited treatment notes also do not

3    entirely undermine Plaintiff's testimony regarding the severity of her mental health when

4    considering Plaintiff's record as a whole.  *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir.

5    2014) (noting "treatment records must be viewed in light of the overall diagnostic record").

6    While Plaintiff often presented with normal concentration, attention, and memory, the record

7    shows she also often remained depressed or anxious, reflecting her testimony.  *See* AR 573, 799,

8    802, 808, 1278, 1286, 1306, 1308, 1637, 1642, 1649, 1654, 1663, 1666, 1675, 1677, 1679, 2520,

9    2529, 2535.  In rejecting Plaintiff's testimony based on its inconsistency between the objective

10   medical evidence, the ALJ partially erred.

11                 **b.    Treatment**

12         The ALJ also rejected Plaintiff's testimony based on her routine and conservative

13   treatment.[2]  AR 37–39.  "[E]vidence of 'conservative treatment' is sufficient to discount a

14   claimant's testimony regarding severity of an impairment."  *Parra v. Astrue*, 481 F.3d 742, 751

15   (9th Cir. 2007) (citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir.1995)).  The ALJ's

16   finding regarding her mental health is not supported by substantial evidence, as any reported

17   improvement from medication seemed to vary.  *See* AR 832 (reporting decrease in anxiety), 944

18   (managing mental health), 959–60 (noting need for continued support to manage stress and

19   anxiety), 1255 (medication ineffective), 1261, 1286 (depressed and anxious mood), 1306 (same),

20   2520.  Plaintiff's "modest improvement" from physical therapy as noted by the ALJ is likewise

21

22   _____

      [2] Because the Court has found the ALJ properly rejected Plaintiff's testimony with regards to asthma, hand pain, and
23   headaches, the Court need only address the ALJ's analysis with the rest of her physical symptoms.  *See Carmickle v.
      Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason among other reasons
      is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 4

not supported by substantial evidence given the record shows Plaintiff continued to experience

pain and her improvement was "mild" at best.  *See* AR 580, 583, 585, 588.  The record also

shows that in addition to taking muscle relaxers and anti-inflammatories, she received steroid

injections (AR 1672), which are not considered conservative treatments.  *See Garrison v. Colvin*,

759 F.3d 995, 1015 n. 20 (9th Cir. 2014) ("[W]e doubt that epidural steroid shots to the neck and

lower back qualify as 'conservative' medical treatment.").  One of Plaintiff's providers also

assessed she would benefit from surgery given her persistent symptoms, further indicating her

condition was not maintained by conservative treatment.  *See Burch v. Barnhart*, 400 F.3d 676,

681 (9th Cir. 2005) (affirming the ALJ's discounting of claimant's testimony in part because a

doctor had not suggested surgery as a treatment option); AR 2648, 2479.

### c.    Situational Stressors

The ALJ also noted Plaintiff's symptoms appeared to be "largely reactions to situational

stressors" including her relationships, financial circumstances, and issues with infertility, and

thus "not solely manifestations of her depression, anxiety, and PTSD."  *See* AR 39.  An ALJ may

discount a claimant's testimony if his or her symptoms are "situational" and "unlikely to persist

once [the claimant's] circumstances [have] improved."  *See Chesler v. Colvin*, 649 F. App'x 631,

632 (9th Cir. 2016).  The ALJ's finding is not convincing.  While the ALJ did point to an

instance where Plaintiff reported experiencing heightened stress due to family, health, and

financial health issues (AR 984), the evidence cited primarily provided updates on Plaintiff's life

with no indication whether her symptoms would not be as severe in the absence of those issues.

*See* AR 834, 841–42.

### d.    Drug-Seeking Behavior

The ALJ also found that treatment notes "indicative of [Plaintiff's] drug seeking

behavior" and possible exaggeration of her chronic pain undercut the reliability of Plaintiff's

testimony.  AR 37.  "[E]vidence of drug-seeking behavior … paired with indications that [a

claimant's] complaints of pain were exaggerated" is a clear and convincing reason to discount

the claimant's testimony.  *Coleman v. Saul*, 979 F.3d 751, 756 (9th Cir. 2020).  The evidence the

ALJ cited, however, does not appear to show this to be the case with Plaintiff.  For example, the

ALJ pointed to an emergency department provider who noted Plaintiff was "grossly dishonest"

about the number of her prescriptions.  AR 618–19.  Yet, the same provider noted Plaintiff

"appear[ed] to be rather genuine in her discomfort."  *Id*.  And while another provider did note

Plaintiff was "possibly" exaggerating about her chronic pain, that same provider determined it

was "unclear" whether Plaintiff was malingering  *See* AR 2542–43.  The Court also notes the

provider who made this observation appeared to be familiar with only Plaintiff's mental health

rather than her physical health, so the ALJ's reliance on the provider's comments was not

reasonable.  *See* AR 2541–45.  In contrast, there are no other affirmative records indicating

Plaintiff was a malingerer or engaging in a drug-seeking behavior.  *See* AR 1955, 1958, 2513.

### e.    Activities of Daily Living

The ALJ also rejected Plaintiff's testimony because of her activities of daily living.  AR

40.  "An ALJ may also consider 'whether the claimant engages in daily activities inconsistent

with the alleged symptoms.'"  *Smartt*, 53 F.4th at 499 (quoting *Lingenfelter v. Astrue*, 504 F.3d

1028, 1040 (9th Cir. 2007)).  Here, the ALJ highlighted Plaintiff's ability to prepare meals,

clean, shop, drive, travel from Washington to Louisiana, and walk daily with her dog.  AR 1639,

1660, 2345, 2486, 2490, 2528, 2560.  These activities are not at odds with Plaintiff's testimony

that she is able to drive, prepare simple meals, and walk for less than an hour.  AR 72, 78.  The

record seems to indicate Plaintiff's goal was to walk for 15 minutes (AR 1916), less than the

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 6

amount of time she stated she is limited to walking (AR 78), and it is unclear if, or how long, Plaintiff drove to Louisiana.  The ALJ also referenced Plaintiff's laser hair treatments and long artificial nails (AR 2479, 2490), but did not explain how Plaintiff's efforts in maintaining her appearance contradict her statements about her mental health.  *See* AR 40.  Finally, the ALJ pointed out Plaintiff cared for her stepdaughter, welcomed a family she did not know into her home, and interacted appropriately with her healthcare providers.  *Id.*  But again, this is not necessarily inconsistent with her testimony that she is able to be around a small group of people. AR 81–82.  Further, Plaintiff was assessed as needing continued support when interacting with medical providers and case managers, undercutting the ALJ's finding.  *See* AR 1261, 1264, 1267, 1273.

In sum, while the ALJ permissibly found Plaintiff's testimony about her asthma, hand pain, and headaches inconsistent with her medical records, the ALJ's reasons for rejecting Plaintiff's statements about her back pain and mental health were not supported by substantial evidence.  In rejecting Plaintiff's testimony, the ALJ partially erred.

## 2.    Medical Opinion Evidence

Under the applicable rules, the ALJ must "articulate how [he] considered the medical opinions" and "how persuasive [he] find[s] all of the medical opinions" by considering their supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. §§ 404.152c(c), 416.920c(c).  The ALJ is specifically required to consider the two most important factors, supportability and consistency.  20 C.F.R. §§ 404.1520c(a), 416.920c(a). The supportability factor requires the ALJ to consider the relevance of the objective medical evidence and the supporting explanations presented by the medical source to justify their opinion.  20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).  The consistency factor involves

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 7

consideration of how consistent a medical opinion is with the other record evidence.  20 C.F.R. §§ 404.1520c(c)(2); 416.920c(c)(2).  Further, under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence."  *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

### a.     Ms. Conner, MA

Ms. Conner opined Plaintiff has mild to marked limitations in understanding and memory, concentration and persistence, social interactions, and adaptation functionalities.  AR 1968.  The ALJ first rejected Ms. Conner's opinion because it appeared to be based on Plaintiff's subjective reports rather than Ms. Conner's own observations.  AR 42–43.  The ALJ's reading of the opinion is not entirely accurate.  Ms. Conner both conducted a questionnaire which score "substantiates" Plaintiff's diagnoses and her reported symptoms and completed an assessment about Plaintiff's mood, thought, ability to concentration, and behavioral and social skills.  *See* AR 1966–67.  Looking at her underlying treatment notes, Ms. Conner also repeatedly assessed Plaintiff's presentation, mood, and thought content, undercutting the ALJ's finding.  *See* AR 1675, 1677, 1679, 2192, 2194, 2196, 2199, 2202.  In rejecting Ms. Conner's opinion for lacking support, the ALJ erred.

The ALJ also rejected Ms. Conner's opinion because of its inconsistency with Plaintiff's own functional report, "evidence of external situational factors contributing to [Plaintiff's] mental symptoms," reports of improvement, "observations of normal concentration" and "appropriate interactions with providers," and Plaintiff's activities of daily living.  AR 43.  The ALJ's finding is not entirely supported by substantial evidence.  The cited evidence does show Plaintiff had no impairments with her concentration, attention, and memory, but it also shows

1    Plaintiff remained depressed and irritable even after reporting some improvement.  AR 2202

2    (Plaintiff stating having "more good days" than before), 2205 (presenting as depressed

3    afterwards).  Further, there are multiple treatment notes throughout Plaintiff's record noting her

4    continued need for support when interacting with her medical providers and case managers.  *See*

5    AR 1261, 1264, 1267, 1273.  Finally, there is little information about the extent to which

6    Plaintiff was able to look after others, drive, shop, and manage money that it would be

7    reasonable for the ALJ to find Ms. Conner's opinion undermined by Plaintiff's activities.

8    Because neither the ALJ's supportability nor consistency analysis is supported by substantial

9    evidence, the ALJ erred in rejecting Ms. Conner's opinion.

10                        **b.      Dr. Sadownick**

11          Dr. Sadownick opined Plaintiff has moderate to marked limitations in understanding and

12   memory, concentration and persistence, social interactions, and adaptation functionalities.  AR

13   2431.  Dr. Sadownick also opined Plaintiff would likely miss work more than three times per

14   month due to her mental impairments.  AR 2431–32.  The ALJ first rejected Dr. Sadownick's

15   opinion because he did not perform a mental status exam and relied primarily on Plaintiff's

16   subjective reports.  AR 43.  However, the record indicates Dr. Sadownick did in fact perform a

17   mental status exam, as well as a psychological interview and a review of Plaintiff's medical

18   records.  *See* AR 2424–26, 2430–31.  The ALJ seemed to have overlooked these records in

19   considering the supportability of Dr. Sadownick's opinion, therefore in rejecting Dr.

20   Sadownick's opinion for lacking support, the ALJ erred.

21          The ALJ also rejected Dr. Sadownick's opinion for its inconsistency with the record,

22   citing to the same records in rejecting Ms. Conner's opinion.  But as discussed, while the cited

23   evidence does show Plaintiff had no impairments with her concentration, attention, and memory,

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 9

they also show Plaintiff had little improvement with her mental health and required continued

support when interacting with her medical providers and case managers.  Further, there is little

information about the extent to which Plaintiff was able to look after others, drive, shop, and

manage money that it would be reasonable for the ALJ to find Dr. Sadownick's opinion

undermined by Plaintiff's activities.  Because neither the ALJ's supportability nor consistency

analysis is supported by substantial evidence, the ALJ erred in rejecting Dr. Sadownick's

opinion.

   c.   **Dr. Morgan**

Dr. Morgan opined Plaintiff has moderate to severe limitations in understanding and

memory, concentration and persistence, social interactions, and adaptation functionalities.  AR

866.  The ALJ first rejected his opinion because it was not supported by his mental status exam.

AR 45.  The ALJ's assessment is reasonable.  For example, Dr. Morgan found Plaintiff unable to

complete a workday without interruptions from psychologically based symptoms, yet the exam

revealed Plaintiff had normal concentration.  *See* AR 866, 868.  The record does indicate Dr.

Morgan's opinion was also based on an interview and review of Plaintiff's records.  AR 864–65.

But the results from the interview also seem to undermine his opinion.  *See* AR 865 (noting poor

concentration, suicidal thinking) and AR 868 (concentration within normal limits, normal

thought content).  It is also unclear which previous records Dr. Morgan reviewed, therefore the

ALJ could reasonably find his opinion lacking in support.

The ALJ also found Dr. Morgan's opinion inconsistent with the record, citing to the same

records discussed in rejecting Ms. Conner's and Dr. Sadownick's opinions.  But again, although

those records show Plaintiff's mental health did not meaningfully improve and there is little

information about the extent to which Plaintiff was able to partake in her activities of daily living

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 10

that would allow the Court to discern whether the ALJ reasonably found Dr. Morgan's opinion undermined by those activities. In rejecting Dr. Morgan's opinion for its inconsistency, the ALJ erred. However, this error is harmless because the ALJ permissibly rejected Dr. Morgan's opinion for its lack of supportability. *See Woods*, 32 F.4th at 793 (affirming the ALJ's rejection of a medical opinion based on inconsistency finding alone).

### d.   Ms. Spitler, PA

Ms. Spitler opined Plaintiff has mild to moderate limitations in understanding and memory, concentration and persistence, social interactions, and adaptation functionalities. AR 2544. The ALJ specifically rejected Ms. Spitler's opinion that Plaintiff is moderately limited to responding to changes because it is inconsistent with her activities of daily living. AR 43. However, the ALJ makes this conclusory statement without further explaining why Plaintiff's ability to provide care for others, travel, shop, and manage money would necessarily undercut Ms. Spitler's opinion that Plaintiff's symptoms would occasionally interfere with her ability to respond to workplace changes. In rejecting this portion of Ms. Spitler's opinion, the ALJ erred.

### e.   Dr. Larson

In a letter, Dr. Larson wrote Plaintiff's "inability to sit, stand or walk for extended periods makes it unfeasible for her to maintain a job in her present state." AR 2510. In a questionnaire, Dr. Larson opined that in an eight-hour workday, Plaintiff can perform a job in a seated or standing/and or walking position for two hours. AR 2515. Dr. Larson further opined Plaintiff must get up from a seated position every 45 to 60 minutes, must take unscheduled breaks every 45 to 60 minutes for five to 15 minutes, and would likely be absent from work two to three times a month because of her impairments. AR 2515–17.

The ALJ rejected Dr. Larson's opinion because she did not herself observe Plaintiff

display pain behavior or difficulty.  AR 43.  However, underlying treatment notes show that Dr.

Larson made similar observations as those expressed in her opinion.  *See* AR 2479, 2494, 2497–

99, 2662, 2665–66.  The ALJ also noted inconsistency between Dr. Larson's opinion with the

medical evidence the ALJ cited in rejecting Plaintiff's testimony and Plaintiff's activities of daily

living.  AR 44–45.  But as previously discussed, those records showed Plaintiff was limited in

her mobility, had little improvement from treatment, and was recommended for surgery.

Further, the ALJ did not explain why Plaintiff's ability to cook simple meals, drive, and walk

necessarily negates Dr. Larson's opinion that Plaintiff can only work for a limited amount of

time.  In rejecting Dr. Larson's opinion, the ALJ erred.

### f.     Dr. Shanno

Dr. Shanno opined Plaintiff's experience of pain or other symptoms resulting from her

disc herniation are severe enough to interfere with Plaintiff's attention and concentration

frequently.  AR 1950, 1954.  The ALJ first rejected Dr. Shanno's opinion for failing to provide a

reasoning for his proposed limitation.  AR 42.  The ALJ's assessment is reasonable.  Dr. Shanno

explained Plaintiff experienced nerve pain, triggered by movement, in her left lower extremity,

but when asked about the frequency of Plaintiff's pain, he wrote "unknown."  AR 1952.  Given

Dr. Shanno's opinion focused on how often Plaintiff's pain would interfere with her attention

and concentration, the ALJ permissibly found his opinion unsupported and reasonably rejected it

for this reason.

The ALJ also rejected Dr. Shanno's opinion for its inconsistency, citing to the same

evidence used in rejecting Plaintiff's testimony and her activities of daily living.  AR 42.  But as

previously discussed, there are multiple records showing Plaintiff had antalgic or painful gait,

limited ambulation, and difficulty or poor tolerance with walking, prolonged sitting, changing

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 12

1  positions, even with full strength in her lower extremities.  Plaintiff also reported little

2  improvement from physical therapy, received steroid injections, and was recommended to

3  undergo surgery.  In rejecting Dr. Shanno's opinion for its inconsistency, the ALJ erred.

4  However, this error is harmless because the ALJ permissibly rejected it for its lack of

5  supportability.  *See Woods*, 32 F.4th at 793.

6          **g.      Dr. Gienapp**

7          In a pulmonary questionnaire, Dr. Gienapp wrote Plaintiff has asthma and opined that in

8  an eight-hour workday, Plaintiff can sit for more than six hours and stand and/or walk for less

9  than one hour.  AR 1958, 1961.  He further opined Plaintiff's symptoms would frequently

10  interfere with her attention and concentration in an eight-hour workday, and that as a result of

11  Plaintiff's impairment and treatments, Plaintiff would likely be absent from work more than

12  three times a month.  AR 1963.  In a letter, Dr. Gienapp also wrote Plaintiff has a "poorly

13  controlled severe persistent asthma" requiring multiple medical visits and recommended that

14  Plaintiff "avoid any situation where she can be exposed to fumes, gases, perfumes, pollens."  AR

15  2316.  He wrote Plaintiff "is disabled due to her severe persistent asthma."  *Id*.

16          The ALJ rejected Dr. Gienapp's opinion because it lacked support and most of his

17  examinations showed no signs of difficulty breathing.  AR 42.  The ALJ's assessment is

18  reasonable.  Despite Dr. Gienapp's proposed limitations, and Plaintiff's reports of shortness of

19  breath, his examinations show normal cardiovascular and respiratory findings.  AR 2321, 2334,

20  2349.  His treatment notes also provide no explanation as to why Plaintiff's asthma would affect

21  her ability to concentrate and lead to absenteeism.  Further, as discussed earlier, other treatment

22  notes in the records similarly show Plaintiff had clear lungs and no respiratory distress, while any

23  observations of Plaintiff coughing were explained by seasonal allergies or other reactions.  In

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 13

1  rejecting Dr. Gienapp's opinion, the ALJ did not err.

2          **h.      Mr. Smith, PA-C**

3          Mr. Smith opined that due to Plaintiff's carpal tunnel syndrome, lower back pain, and

4  pelvic pain, she is limited to sedentary work, that is lifting 10 pounds maximum, frequently

5  lifting or carrying lightweight articles, and walking or standing for "brief periods." AR 858–59.

6  The ALJ rejected his opinion because although he observed Plaintiff's range of motion in her

7  back, neck, hip, neck, elbow, forearms, ankle, wrist, and thumbs, he "did not document objective

8  findings to support a limitation to the sedentary exertional level." AR 44. The ALJ's assessment

9  is reasonable. While Mr. Smith did evaluate the range of motion of Plaintiff's joints, his opinion

10  included no explanation for why the findings from the evaluation would necessarily limit

11  Plaintiff to only sedentary work. In rejecting Mr. Smith's opinion for its lack of support, the ALJ

12  did not err.

13          The ALJ also found Mr. Smith's opinion inconsistent with the medical evidence the ALJ

14  cited in rejecting Plaintiff's testimony and her activities of daily living. AR 44–45. But as

15  previously discussed, those records showed Plaintiff was limited in her mobility, had little

16  improvement from treatment, and was recommended for surgery. Further, the ALJ did not

17  explain why Plaintiff's ability to cook simple meals, drive, and walk for a short time necessarily

18  negate Mr. Smith's opinion. In rejecting Mr. Smith's opinion for its inconsistency, the ALJ

19  erred. However, this error is harmless because the ALJ also permissibly rejected it for its lack of

20  supportability. *See Woods*, 32 F.4th at 793 (affirming the ALJ's rejection of a medical opinion

21  based on inconsistency finding alone).

22          **i.      State Agency Consultants**

23          Plaintiff suggests, but does not meaningfully argue, the ALJ erred in finding the opinions

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 14

of the state agency consultants persuasive.  Dkt. 20 at 8–12.  The Court will not consider matters

that are not "'specifically and distinctly'" argued in the plaintiff's opening brief.  *Carmickle*, 533

F.3d at 1161 n. 2 (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th

Cir. 2003)).   Accordingly, the Court declines to address the ALJ's evaluation of their opinions.

### 3.    Other Issues

Plaintiff contends the ALJ erred by finding portions of Ms. Spitler's opinion partially

persuasive but declining to include those limitations in her RFC.  Dkt. 20 at 4–5.  Plaintiff also

contends the ALJ erred by using a hypothetical based on an erroneous RFC.  *Id.* at 17–18.  The

Court need not address these arguments as the ALJ's errors discussed above impact the ALJ's

assessment of the RFC and thus require reversal and reassessment, as further discussed below.

*See Valentine v. Comm'r Soc. Sec. Admin*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails

to take into account a claimant's limitations is defective").

### 4.    Remedy

Plaintiff requests the Court remand this matter for an award of benefits.  Dkt. 20 at 17.

Alternatively, Plaintiff asks the Court to remand for further proceedings and requests a new ALJ.

*Id.*

Remand for an award of benefits "is a rare and prophylactic exception to the well-

established ordinary remand rule."  *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017).  The

Ninth Circuit has established a three-step framework for deciding whether a case may be

remanded for an award of benefits.  *Id.* at 1045.  First, the Court must determine whether the ALJ

has failed to provide legally sufficient reasons for rejecting evidence.  *Id.* (citing *Garrison*, 759

F.3d at 1020).  Second, the Court must determine "whether the record has been fully developed,

whether there are outstanding issues that must be resolved before a determination of disability

can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted).  Only if the first two steps are satisfied can the Court determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020.  And "[e]ven if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

Here, only the first step is met, as the Court has found the ALJ erred in Plaintiff's testimony and medical opinion evidence.  However, the Court has also affirmed other portions of the ALJ's decision, and the evidence erroneously evaluated by the ALJ remains contradicted by other evidence in the record.  The ALJ must resolve these contradictions before the Court can proceed to the third step. *See Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015).  Therefore, remanding for further proceedings, rather than an award of benefits, is the appropriate remedy.  On remand, the ALJ shall reevaluate Plaintiff's testimony, the medical opinion evidence, reassess Plaintiff's RFC, and proceed with the rest of the evaluation process. The ALJ may conduct any necessary proceedings to reevaluate the disability determination in light of this order.

The Court does not find it necessary to assign this matter to a new ALJ on remand. "[A]ctual bias must be shown to disqualify an administrative law judge." *Bunnell v. Barnhart*, 336 F.3d 1112, 1115 (9th Cir. 2003).  Plaintiff has not shown any actual bias of the ALJ here. Plaintiff's reliance HALLEX I -2-6-76 in support of her request is unpersuasive, given HALLEX "'has no legal force and is not binding'" and "'does not carry the force and effect of law.'" *Id.*

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 16

1 | (quoting *Moore v. Apfel*, 216 F.3d 864, 868 (9th Cir. 2000)).

2 | **CONCLUSION**

3 |      For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this

4 | case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. §

5 | 405(g).

6 |      DATED this 13th day of June, 2024.

7 |

8 |

RICARDO S. MARTINEZ

9 | UNITED STATES DISTRICT JUDGE

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 17